UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEROY MORENO NAVARRO,

    Petitioner,

    v.

MAGGIE MILLER-STOUT

    Respondent.

Case No. C07-5373FDB

ORDER TO SHOW CAUSE

    This 28 U.S.C. § 2254 petition has been assigned to the undersigned Magistrate Judge. Petitioner has paid the filing fee and the petition is ready for screening (Dkt. # 8).

    Upon screening the court notes petition is challenging a sentence that was handed down July 18, 2000, (Dkt. # 9, petition, page 1). There was no appeal from the sentence or other collateral challenge until June 5, 2007 (Dkt. # 9, page 3)[1].

    A one year statute of limitations was imposed on habeas corpus petitions under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2244(d) provides as follows:

---

[1] Petitioner lists June 5, 2007, has the day he filed his personal restraint petition and as the day the petition was denied. (Dkt. # 9, pages 3 and 6).

ORDER- 1

(1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A)     the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.§ 2244 (d).

Applying the statute to the information now before the court leads the court to believe this petition is time barred. As there was no direct challenge to the sentence, petitioner's sentence became final the date of sentencing, July 18, 2000. Petitioner had until July 19, 2001, to file a habeas corpus petition. The petition was not filed until July 25, 2007.

Petitioner shall show cause why this petition should not be dismissed as time barred. A response is due on or before **October 26, 2007.**

The clerk is directed to send copies of this order to petitioner and to note the **October 26, 2007,** due date.

DATED this 28 day of September, 2007.

                                                            */S/ J. Kelley Arnold*
                                                            J. Kelley Arnold
                                                           United States Magistrate Judge

ORDER- 2