UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEROY MORENO NAVARRO,

          Petitioner,

    v.

MAGGIE MILLER-STOUT,

          Respondent.

Case No.  C07-5373FDB

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**November 23, 2007**

    This habeas corpus action, filed pursuant to 28 U. S.C. 2254,  has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4.

    Having screened the petition, the court entered an Order to Show Cause as the petition is time barred on its face (Dkt # 10).  Petitioner has responded and the court now recommends that the petition be dismissed as time barred.

<u>FACTS</u>

    Petitioner pled guilty to first degree assault and was sentenced in Pierce County Superior Court to 177 months of confinement.  He was sentenced on July 18, 2000, (Dkt # 9).  Petitioner filed no direct appeal and did not file a collateral challenge in state court until June 5, 2007, (Dkt. 3 9,

REPORT AND RECOMMENDATION
Page - 1

page 3). His untimely collateral challenge was dismissed.  Petitioner states the petition was dismissed

the same day it was filed, June 5, 2007, (Dkt # 9, page 6).

DISCUSSION

A one year statute of limitations was imposed on habeas corpus petitions under the 1996

amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the

Antiterrorism and Effective Death Penalty Act (AEDPA).   28 U.S.C. § 2244(d) provides as follows:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> > (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.§ 2244 (d).

Applying the statute to the information now before the court leads the court to believe this

petition is time barred.  As there was no direct challenge to the sentence, petitioner's sentence

became final the date of sentencing, July 18, 2000.  Petitioner had until July 19, 2001, to file a habeas

corpus petition.  The petition was not filed until July 25, 2007.  The filing of a State personal

restraint petition on June 5, 2007 does not toll the running of the statute as the one year time frame

had elapsed nearly six years earlier.

Petitioner argues he is entitled to equitable tolling (Dkt. # 11).  He notes that equitable tolling

may apply if "extraordinary circumstances beyond a prisoner's control make it impossible to file a

petition on time." (Dkt. # 11, page 1).  Petitioner claims he has suffered from depression from the

date of sentencing until July 25, 2007.  Petitioner does not support his assertion with any evidence of

mental depression, and he fails to show why he could not file a timely state challenge to his

conviction or sentence.  Thus, equitable tolling is not available.  According, this petition is time barred and should be dismissed.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 23, 2007**, as noted in the caption.

DATED this 29 day of October, 2007.


<u>/S/ *J. Kelley Arnold*</u>
J. Kelley Arnold
United States Magistrate Judge