UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEROY MORENO NAVARRO,

    Petitioner,

  v.

MAGGIE MILLER-STOUT,

    Respondent.

Case No. C07-5373 FDB

ORDER ADOPTING REPORT AND RECOMMENDATION DENYING WRIT OF HABEAS CORPUS AND DISMISSING PETITION WITH PREJUDICE

    The Magistrate Judge recommends this habeas corpus petition be denied and dismissed with prejudice as barred by the statute of limitations, 28 U.S.C. § 2244(d). As detailed by the Magistrate Judge, the one-year statute of limitations has run and the habeas corpus petition is time-barred. Petitioner has filed an objection indicating a lack of necessary legal skills necessary to comply with the time limitations.

    Petitioner's assertion that he is entitled to relief from the federal habeas corpus statute of limitations contained in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. 2244(d), is unpersuasive. While the Constitution guarantees the petitioner the capability of bringing a contemplated challenge to his conviction, that right is fulfilled if he is provided with a "reasonably adequate opportunity" to submit a writ of habeas corpus. See Lewis v. Casey, 518 U.S. 343, 356-57

ORDER - 1

(1996).  To the extent that the Petitioner is also arguing that the limitations period should be equitably tolled due to his lack of legal skills, the Court disagrees.  Equitable tolling of the AEDPA's statute of limitations "is justified in few cases", and is permissible only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  <u>Spitsyn v. Moore</u>, 345 F.3d 796 (9th Cir. 2003).  A state is required to provide inmates only with limited necessary tools to access the courts.  An inmate does not have the freestanding right to legal advice, access to a complete law library, or assistance with research and brief writing.  <u>Lewis v. Casey</u>, 518 U.S. 343, 354 (1996).  Ignorance of the law or a "pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."  <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006).

The Court having reviewed the Report and Recommendation of the Hon. J. Kelley Arnold United States Magistrate Judge, objections to the Report and Recommendation, and the remaining record, does hereby find and Order:

(1)   The Court adopts the Report and Recommendation;

(2)   The petition is **DISMISSED WITH PREJUDICE** for the reasons set forth in the Report and Recommendation.  This petition is time barred.

(3)   The Clerk is directed to send copies of this Order to Petitioner, counsel for Respondent, and to the Hon. J. Kelley Arnold.

DATED this 26th day of November, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER -2